STATE et al. v. PINGREE et al.

No. 6639.  Decided April 20, 1944.  (148 P. 2d 336.)

See 29 C. J. S. Eminent Domain, sec. 289.  18 Am. Jur. 891.

*Grover Giles,* Atty. Gen., *A. U. Miner,* Asst. Atty. Gen., and *Zar E. Hayes, Asst. Atty. Gen.,* for appellants.

*Howell, Stine & Olmstead,* of Ogden, for respondents.

WADE, Justice.

The State Road Commission brought this action to condemn a strip of land 17 feet wide and 462 feet long which extended along the entire frontage of defendants' land abutting on the public highway. This strip was a part of a tract of land containing about 9¼ acres. Part of this property was devoted to farming, there were some buildings on the part nearest the highway which consisted of a residence, an inn where meals were served, a fruit stand and about twelve auto cabins. The defendants claimed damages for the value of the land taken and also severance damages for the property not taken.

The jury returned a verdict awarding the defendants $1,000 for the strip taken and $5,850 as severance damage to the property not taken. The State Road Commission brings this appeal. No error is claimed in connection with the award for the land taken, but numerous errors are urged as to the admission of evidence and instructions to the jury on the damage to the land not taken. It was contended by the defendants that after the taking of the 17-foot strip, the fruit stand and the inn are so close to the highway that they cannot be successfully operated as such and therefore it will be necessary to move them back. It was stipulated that if these buildings had to be moved, they would have to be demolished and rebuilt, as it would be impracticable to move them in their present state. The damage to the remaining property would be much greater if the jury found that the buildings would have to be removed than otherwise. It was therefore the duty of the jury to determine that question first and then on that basis proceed to decide the amount of the damages suffered.

We find that it is only necessary for us to determine one point. The state produced a witness, Mr. Kiepe, who had made a very thorough study of the question of damages to the property taken and who testified that if it was necessary to move the inn the damage to the remaining property would, in his opinion, be $5,830, which is just $20 less than the amount found by the jury. All the witnesses, except the witness Kiepe, fixed the costs of moving that building at a figure much greater than the amount awarded; and all the witnesses fixed the damages to the property not taken at a much lower figure than the amount awarded in case that building did not have to be moved. It is apparent that the jury must have based its decision largely on this testitmony of the state's witness; and must have found that it would be necessary to remove the building, upon the removal of which the evidence was based. In view of this fact it becomes immaterial whether there was other inadmissible evidence received, or whether the instructions complained of were erroneous. The decision was undoubtedly based on proper evidence and the jury could not have been mislead by erroneous instructions. The judgment must therefore be affirmed.

The state has very strenuously urged that we decide the points argued in order that the law thereon may be settled. Since a decision of those points is not necessary, a discussion thereof would be mere dicta and therefore would not settle the law thereon. We therefore refrain from such discussion.

Judgment affirmed. Costs to respondents.

WOLFE, C. J., and LARSON and McDONOUGH, JJ., concur.

MOFFAT, Justice, participated in the hearing, but died before publication of the opinion.